NOT FOR PUBLICATION                                                          (Doc. No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————————
                                                    :
PARKER MCCAY, P.A.,                                 :
                                                    :
                    Plaintiff,                      :
                                                    :        Civil No. 1:12-cv-02971 (RBK/KMW)
           v.                                       :
                                                    :        **OPINION**
HARTFORD FIRE INSURANCE                             :
COMPANY, HARTFORD CASUALTY                          :
INSURANCE COMPANY, and TWIN                         :
CITY FIRE INSURANCE COMPANY,                        :
                                                    :
                    Defendants.                     :
———————————————————————                            :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendants Hartford Fire Insurance

Company ("Hartford Fire"), Hartford Casualty Insurance Company ("Hartford Casualty"), and

Twin City Fire Insurance Company ("Twin City") (collectively "Defendants") to dismiss the

complaint of Plaintiff Parker McCay, P.A. ("Plaintiff").  Because the Court finds that Plaintiff

has alleged facts sufficient to state a plausible claim for relief, the motion will be denied.

## I.      Background

Plaintiff, a New Jersey law firm, purchased a Commercial General Liability Policy from

Hartford Fire and an Umbrella Liability Policy from Hartford Casualty in 2009.  Compl. ¶ 8-9. In

addition, Plaintiff carried a Workers Compensation and Employers Liability Policy with Twin

City.  Id. ¶ 10.

In December of 2009, one of Plaintiff's former employees, Sheila Ciemniecki, filed a

lawsuit against Plaintiff.  Id. ¶12-13.  Plaintiff called upon all three Defendants both to defend

Plaintiff in the action and to indemnify Plaintiff were Ciemniecki to prevail in her lawsuit.  Twin

City advised Plaintiff that it would neither defend nor indemnify Plaintiff or its CFO, Raymond

DiSanto, for any of Ciemniecki's claims.  Id. ¶ 23.  Hartford Fire and Hartford Casualty, on the

other hand, agreed to defend Plaintiff subject to a reservation of certain rights, and they have

since been providing that defense. Id. ¶ 24; Pl. Opp. Br. at 6.  But they refused to indemnify

Plaintiff for any of Ciemniecki's claims should the need arise, asserting that those claims fall

within an exception to coverage. Compl. ¶ 25.  Plaintiff then filed this suit, asking the Court to

declare that under each of the three insurance policies in question, all three Defendants are

obligated to both defend and indemnify Plaintiff for the Ciemniecki litigation.  The Defendants

moved to dismiss Plaintiff's complaint, arguing that Plaintiff is already receiving a full defense

and thus has no damages, and additionally that Plaintiff's claims are premature.

## II.    Discussion

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief can be granted. "When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give

rise to an entitlement of relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### A. Ripeness

Where, as here, a Plaintiff brings an action in federal court seeking a declaratory

judgment, the court is empowered to "declare the rights and other legal relations of any

interested party[.]" 28 U.S.C. § 2201.  At the same time, however, federal courts must not hear

cases that are unripe for adjudication. The ripeness doctrine, which involves both prudential

concerns and the "case or controversy" requirement of Article III of the Constitution, holds that

courts must dismiss a case as unripe unless a "dispute is sufficiently concrete[.]"   Pittsburgh

Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66., 580 F.3d 185, 190 (3d Cir. 2009) (internal citations omitted).  Declaratory judgment actions often present difficult ripeness issues "because declaratory judgments are typically sought before a completed harm has occurred.  Id.  In this Circuit, a court should consider three things when determining ether a declaratory judgment claim presents a ripe controversy: "the adversity of the interest of the parties, the conclusiveness of the judicial judgment, and the practical help, or utility, of that judgment."  Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990).

Defendants argue that they have no duty to indemnify Plaintiff since the underlying litigation remains unresolved and Plaintiff is not yet "legally obligated" to pay damages.  Def. Br. at 13.  But a plaintiff "need not suffer a *completed* harm to establish adversity of interest of the parties."  Pittsburgh Mack, 580 F. 3d at 190 (internal citations omitted).  Here, Plaintiff has alleged that Defendants informed it that Defendants would not indemnify it for the Ciemniecki litigation.  And Plaintiff alleged that Twin City breached its contract obligation by refusing to defend or indemnify Plaintiff.  In a motion to dismiss, the Court assumes the veracity of those allegations.  See Iqbal, 556 U.S. at 679.  Accordingly, even though the Ciemniecki litigation is unresolved, Plaintiff has alleged that it has both a present right to rely on Twin City to defend it in the Ciemniecki litigation as well as an unperfected but nonetheless defined right to indemnity from all Defendants if it were to lose the case.  These allegations are sufficient to show adversity of the interest of the parties for the purposes of a declaratory judgment action.

In evaluating "the conclusiveness of the judicial judgment," the Court must "determine whether judicial action at the present time would amount to more than an advisory opinion based on a hypothetical set of facts."  Pittsburgh Mack, 580 F. 3d at 190 (internal citations omitted).  Here, the facts are not hypothetical.  Plaintiff argues that it is entitled to defense and

indemnification for the Ciemniecki litigation under the policies issued to it by the Defendants. "Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits." ACandS, Inc. v. Aetna Cas. and Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981). Hartford Fire and Hartford Casualty's contention that it has no duty to indemnify Plaintiff at this time is inapposite. The declaratory judgment in this case will be conclusive because it will establish whether Twin City is obligated to defend Plaintiff to some extent, and it will establish who, if anyone, is obligated to indemnify Plaintiff for any potential judgment in the Ciemniecki litigation.

Third, the Court looks to the practical help, or utility, of a declaratory judgment. See Step-Saver, 912 F.2d at 947. Like in Pittsburgh Mack, determining Plaintiff's insurance coverage is practical and useful, since at the end of the declaratory judgment action, Plaintiff will know whether or not it can rely on any of the Defendants for indemnification in the Ciemniecki litigation. See Pittsburgh Mack, 580 F.3d at 192. Any of the parties could use the judgment to enforce their rights in a later proceeding.

**B. Damages**

Twin City also claims that Plaintiff has no damages from its refusal to defend the Ciemniecki litigation, since Plaintiff is already receiving a full defense from the other Defendants. Plaintiff responds that under the entire controversy doctrine, it was bound to join any "transactionally related claims" that might exist as to Defendants for the Ciemniecki litigation. K-Land Corp No. 28 v. Landis Sewerage Auth., 800 A.2d 861, 868 (N.J. 2002). The Court agrees that until all of Plaintiff's rights and entitlements under all of the Defendants'

potentially applicable policies are determined, the damages from Twin City's refusal to defend

Plaintiff are unknown.

## III. Conclusion

Since Plaintiff has stated a plausible and ripe claim for declaratory relief, Defendants'

motion to dismiss is hereby DENIED.  An accompanying order shall issue today.


Dated: 10/23/12                                         /s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge